UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA MCALLISTER,

    Plaintiff,

v.

                                            Case No. 25-cv-10391
                                            Honorable Linda V. Parker

PAUL LONG, MELISSA LONG,
and ANGEL GUTIERREZ,

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND PARTIALLY DISMISSING CLAIMS AND DEFENDANT MELISSA LONG

On February 10, 2025, Plaintiff filed a pro se Complaint against Defendants Paul Long, Melissa Long, and Angel Gutierrez (ECF No. 1), as well as an application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 (ECF No. 2). The Court is granting Plaintiff's IFP application. However, for the reasons discussed below, the Court concludes that some of Plaintiff's claims and her Complaint against Melissa Long are subject to summary dismissal.

### Standard of Review

Because Plaintiff is proceeding IFP, her Complaint is subject to screening. *See* 28 U.S.C. § 1915(e). At the screening stage, a court must dismiss the action if it finds that: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Whether the plaintiff states a claim upon which relief can be granted is evaluated under the pleading standard described in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Pursuant to that standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however.  *Iqbal*, 556 U.S. at 668.  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).  Pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers" and must "be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citation omitted).

### Plaintiff's Complaint

Plaintiff is suing Paul Long (hereafter "Mr. Long"), his wife Melissa Long (hereafter "Ms. Long"), and Angel Gutierrez ("Ms. Gutierrez").  (*See* ECF No. 1.)

2

According to Plaintiff, Mr. Long and Ms. Gutierrez are contractors in the Special Investigation Unit of United Services Automobile Association ("USAA"). (*Id*. at PageID 1 ¶ 5.)

Plaintiff was involved in a three-car accident in Rochester, Michigan, which resulted in bodily injuries to Plaintiff and her 2018 Mercedes Benz GLC being completely totaled. (*Id*. ¶¶ 6, 8-9.) Plaintiff's medical providers prepared documentation supporting her claimed injuries. (*Id*. ¶ 9.) These injuries precluded Plaintiff from working at the two companies where she was employed. (*Id*. at PageID. 2 ¶¶ 10-11.)

Plaintiff contracted with USAA for automobile insurance benefits, and she was current in her payments at the time of the accident. (*Id*. at PageID. 1 ¶ 7.) She filed an insurance claim as a result of the accident. (*See id*. ¶ 6.) USAA assigned the claim to Mr. Long for review and investigation. (*Id*. ¶ 6.)

Plaintiff claims Mr. Long indicated he would review her medical records, and he obtained verification for Plaintiff's employment. (*Id*. at PageID 2 ¶¶ 13-16, 23.) On or about September 27, 2024, USAA's computer portal reflected that Plaintiff would receive work loss benefits on October 9 for September wages of almost $7,000. (*Id*. ¶ 17.) Plaintiff, however, never received those benefits. (*Id*. ¶ 18.)

3

According to Plaintiff, Mr. Long "made wild and reckless as well as irrelevant allegations about her personal life and personal relationships." (*Id.* at PageID. 3 ¶ 24.) Plaintiff alleges that Mr. Long "made many false statements about [her] and her character" and "insinuated that she was unchaste[.]" (*Id.* at PageID. 4 ¶¶ 41-42.) According to an email between two individuals at one of Plaintiff's places of employment, which Plaintiff attached to her Complaint, Mr. Long "impl[ied]" to one of those individuals that Plaintiff and the other individual were involved in a sexual relationship. (*See id.* at PageID. 6.) Instead of requesting information from Plaintiff's employers, Plaintiff claims Mr. Long and Ms. Gutierrez "sent a decline letter of the work benefits due to an alleged 'misrepresentation.'" (*Id.* at PageID. 3 ¶¶ 25-26.) Plaintiff alleges they also "made false claims of [her] work address." (*Id.* ¶¶ 27-28.)

Plaintiff asserts the following "causes of action" in her Complaint: (I) "violation of 46 § 5.29"; (II) "violation of 28 USC § 4101"; and (III) "violation of the Civil Rights Act of 1964." She seeks damages exceeding $7 million.

## Analysis

### Melissa Long

Plaintiff does not allege any conduct by Ms. Long in the Complaint to support any claims against her, much less the claims asserted. The only connection Ms. Long has to this action appears to be her marriage to Mr. Long.. This is not a

basis to include her, here. Therefore, the Court is summarily dismissing Plaintiff's claims against Ms. Long and is terminating her as a party.

Count I – "46 § 5.29"

The Court presumes that Plaintiff is claiming a violation of 46 C.F.R. § 5.29 in Count I of her Complaint, as there is no similar provision in the United States Code. This is a United States Coast Guard regulation, however, which establishes policies for administrative actions against mariners' credentials or endorsements. It has no applicability to Defendants, or the facts alleged in Plaintiff's Complaint. Moreover, there is no private right of action under this provision. *See Parkes v. Belga Café Betsy*, No. 1:24-cv-02374, 2024 WL 4836406, at *2 (D.D.C. Nov. 20, 2024) (citing *Carlson v. Cnty. of Ramsey*, No. 16-765, 2016 WL 3352916, at *7 (D. Minn. June 15, 2016), *aff'd* 673 F. App'x 601 (8th Cir. 2017). Thus, the Court is summarily dismissing Count I.

### Count II – 28 U.S.C. § 4101

Within this count of her Complaint, Plaintiff refers to Mr. Long's alleged "false statements about [Plaintiff's] character," the "insinuat[ion] that she was unchaste," and false conclusion that Plaintiff "did not have valid employment prior to the [automobile] accident." (ECF No. 1 at PageID. 4 ¶¶ 41-44.) Plaintiff alleges that Mr. Long and Ms. Gutierrez "published this demonstrably false information to

the state of Michigan, a building director in Southfield, Ana Abarca in Texas at USAA, and many other people." (*Id.* ¶ 45.)

28 U.S.C. § 4101, which applies to foreign judgments, has no applicability here. *See Duncan v. Kuhr*, No. 23-3511, 2024 WL 5112648, at *2 (6th Cir. Aug. 21, 2024). Moreover, this statutory provision "does not create a cause of action" but "only 'contains definitions, including a definition of 'defamation,' in the context of a statute that allows actions recognizing foreign defamation judgments.'" *Price v. Hale Global*, No. 24-cv-2826, 2024 WL 5009787, at *1 (S.D.N.Y. Dec. 6, 2024) (quoting *Bennett v. N.Y. State Thruway Auth.*, No. 6:22-cv-337, 2024 WL 1053222, at *17 (N.D.N.Y. Mar. 11, 2024)); *see also Ormsby v. Duran*, No. 1:23-cv-12601, 2023 WL 9229134, at *4 (E.D. Mich. Oct. 31, 2023) (citing *Pearson v. Whatley*, No. 1:22-cv-01041, 2022 WL 4273540, at *3 (N.D. Ohio Sept. 15, 2022); *Carnes v. Ohio Dep't of Taxation*, No. 2:21-cv-03975, 2023 WL 5018549, at *4 (S.D. Ohio Aug. 7, 2023)). Even assuming that Plaintiff is attempting to state a claim for defamation under Michigan law, the claim fails.

Defamation under Michigan law requires proof of: "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication."

*Ryniewicz v. Clarivate Analytics*, 803 F. App'x 858, 866-67 (6th Cir. 2020) (quoting *Smith v. Anonymous Joint Enter.*, 793 N.W.2d 533, 540 (Mich. 2010)). The plaintiff "must plead a defamation claim with specificity by identifying the exact language that the plaintiff alleges to be defamatory." *Id.* at 867 (quoting *Ghanam v. Does*, 845 N.W.2d 128, 142 (Mich. Ct. App. 2014)). The plaintiff also must allege with specificity "who published the defamatory statement, when it was published, and most, importantly . . . the precise materially false statement published." *Id.* (quoting *Rouch v. Enquirer & News of Battle Creek, Mich.*, 487 N.W.2d 205, 220 (Mich. 1992)).

Plaintiff fails to specifically identify the statements she alleges were defamatory. She also fails to identify the person(s) to whom the statements were made and when the publications were made, with the exception of the "insinuation" to a co-worker about Plaintiff having a relationship with a co-worker.

For these reasons, Count II is summarily dismissed.[1]

### Count III – Violation of the Civil Rights Act of 1964

In Count III, Plaintiff claims that Mr. Long and Ms. Gutierrez discriminated against her due to her racial background (African American and Cuban American). (*See id.* at PageID. 5 ¶¶ 54.) According to Plaintiff, due to "biased prejudice of

---

[1] To the extent Plaintiff is alleging a state-law defamation claim, the dismissal is without prejudice. If Plaintiff is able to allege sufficient facts to satisfy the elements of the claim, with specificity, she can seek to file an amended complaint.

African American[s] and Hispanics" they "misrepresent[ed] her stature" and concluded "it was impossible [for Plaintiff] to have a high paying job." (*Id.* ¶ 55.) Liberally construing Plaintiff's Complaint, she believes this racial prejudice led to USAA denying her wage loss benefits under the insurance contract.

In the Complaint, Plaintiff does not identify which provision of the Civil Rights Act of 1964 she claims Mr. Long or Ms. Gutierrez violated.  Plaintiff does allege that these defendants "advertise[] and receive[] federal funding from PPP among other funding streams," (ECF No. 1 at PageID. 5 ¶ 56), suggesting that she may be claiming a violation of Title VI, 42 U.S.C. § 2000d.  This section provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.  However, individuals generally cannot be held liable under Title VI because it applies only to the entity receiving federal funding. *See Foster v. Michigan*, 573 F. App'x 377, 389-90 (6th Cir. 2014) (citing *Buchanan v. City of Bolivar*, 99 F.3d 1352, 1356 (6th Cir. 1996)); *see also Webb v. Swensen*, 663 F. App'x 609, 613 (10th Cir. 2016) (quoting *Shotz v. City of Plantation*, 344 F.3d 1161, 1171 (11th Cir. 2003) ("It is beyond question . . . that individuals are not liable under Title VI.")).

Plaintiff might be claiming a violation of 42 U.S.C. § 1981, which "prohibits intentional race discrimination in the making and enforcing of contracts involving public and private actors." *Amini v. Oberlin College*, 440 F.3d 350, 358 (6th Cir. 2006) (citing *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 867, 68 (6th Cir. 2001)). "The statute's protection extends to 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Id.* (quoting 42 U.S.C. § 1981(b)). Liberally construed, Plaintiff alleges in her Complaint that she had an insurance contract with USAA and that Mr. Long's and Ms. Gutierrez's actions interfered with Plaintiff's right to the benefits she was due under that contract. Thus, the Court concludes that Count III is not subject to summary dismissal.

## Conclusion

In short, the Court is granting Plaintiff's application to proceed in forma pauperis. However, pursuant to § 1915(e)(2), the Court summarily dismisses Plaintiff's claims against Melissa Long, and this defendant is terminated as a party to this action. The Court also summarily dismisses Plaintiff's claims alleging violations of 46 C.F.R. § 5.29 and 28 U.S.C. § 4101. To the extent Plaintiff is claiming defamation, she fails to allege sufficient facts at this time to plead such a claim. Thus, the claim is dismissed without prejudice. Plaintiff may attempt to

amend her Complaint to properly plead this claim, if she is able.  Plaintiff's Civil Rights Act of 1964 claim survives summary dismissal.

**SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: February 24, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 24, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager