UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANA MCALLISTER,<br>                         Plaintiff,<br>v.<br><br>LONG and GUTIERREZ,<br>                         Defendants.<br>_____/ | Case No. 25-10391<br><br>Linda V. Parker<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER SETTING ASIDE ENTRY OF DEFAULT, DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT (ECF No. 19), and DIRECTING USMS TO REATTEMPT PERSONAL SERVICE ON GUTIERREZ**

Plaintiff named Angel Gutierrez, an investigator for United Services Automobile Association, among the Defendants in this lawsuit. She is proceeding *in forma pauperis*, so the United States Marshals Service ("USMS") is tasked with serving the summons and complaint on the Defendants.

In what was filed as an "acknowledgment" or receipt of service of process documents, a deputy USMS marshal checked the box indicating that he "personally served" the complaint on Gutierrez on March 25, 2025. (ECF No. 12). But where the form required the "name and title" of the person served if different from the name at the top of the form, the deputy wrote "USAA" with the address given for Gutierrez. (*Id.*). At the end of the address, he wrote "Drop Box," which

suggests that the documents were placed in a drop box rather than personally served on Gutierrez.

Gutierrez has not appeared in the litigation.  Plaintiff obtained a Clerk's Entry of Default against Gutierrez based on the representation in ECF No. 12 that the complaint was personally served on Gutierrez.  (ECF No. 17).  Plaintiff now moves for default judgment against Gutierrez.  (ECF No. 19).

The Clerk's Entry of Default is **SET ASIDE**.  A Defendant "becomes a party officially, and is required to take action in that capacity, only upon [proper] service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *Wells v. Rhodes*, 592 F. App'x 373, 377 (6th Cir. 2014) (quoting *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012)).  "In other words, until a party has been properly served, the Court cannot take action against that party, including entering a default or judgment by default against that party." *Dobronski v. Fam. First Life, LLC*, 2023 WL 1819150, at *2 (E.D. Mich. Feb. 8, 2023) (quoting *Green v. City of Southfield*, 2016 WL 695656, at *2 (E.D. Mich. Feb. 22, 206)).

The inconsistencies in the "acknowledgment" cast doubt on whether Gutierrez was properly served. Most troubling is the notation by the deputy marshal that the documents were placed in a "drop box" at the address given to personally serve Gutierrez. Personal service requires placing the documents into the hands of the person to whom the documents are addressed, not into a box. It simply does not appear that personal service was completed on March 25, 2025.

Because it is unclear whether the Court has personal jurisdiction over Gutierrez, the entry of default is **SET ASIDE**. And since the Court's personal jurisdiction over the defendant and a Clerk's entry of default are prerequisites to a default judgment, the motion for default judgment is **DENIED WITHOUT PREJUDICE**. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008) ("we believe that the district court had the authority to set aside *sua sponte* an entry of default against LMC for good cause"); *see also McGarity v. Birmingham Pub. Sch.*, 2021 WL 4568050, at *3, 2021 U.S. App. LEXIS 26902 at *9 (6th Cir. Sep. 7, 2021) ("The movant must first obtain a clerk's entry of default against the defaulting party before the court or clerk may enter default judgment.").

The USMS is **DIRECTED** to reattempt personal service on Gutierrez at the address provided. Service is complete only when the documents are placed in

3

Gutierrez's hands. Placing the documents in a drop box or giving them to someone else to forward to Gutierrez will not do. The summons is extended 60 days.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: May 8, 2025               s/Curtis Ivy, Jr.
                                Curtis Ivy, Jr.
                                United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on May 8, 2025.

4

<u>s/Sara Krause</u><br>
Case Manager<br>
(810) 341-7850